Givilia/n pay; dismissal/' sufficiency' of evidence'/ remand to trial division. — On May 28,1976 the court entered the following order: '
Before CoweN, Chief Judge, and Davis and KtxNzig, Judges.
*690 “This case comes before the court on cross-motions for summary judgment. Oral argument has been had and the briefs "have been considered. Plaintiff, an Internal Revenue Service supervisory employee, sues for back pay on the ground that his removal from his position was illegal and improper. He was charged with having, and found to have, (1) solicited a $15,000 bribe from two taxpayers, (2) accepted a bribe in that amount from the same taxpayers, and (3) made false •statements in connection with an audit examination involving those taxpayers.
“After careful consideration the court is of the view that this is one of those personnel cases in this court which merit •a trial here of the facts, even though an administrative proceeding and hearing have been had. As we now see it, the case turns on the adequacy of the evidence to support the first two charges — solicitation and receipt of a bribe. (If those two charges fail, the removal cannot be sustained on the third reason alone.) Before the administrative proceedings now in question, those two primary issues were tried out in two criminal trials in which the present plaintiff was the •defendant. At the first trial he was acquitted of accepting the bribe and the jury disagreed as to the charge of solicitation ; at this second trial, at which the charge of accepting a bribe was of course dropped, he was acquitted of solicitation (as well as of making false statements in the audit). The two persons alleged to have paid the bribe (Mr. Ruff and Mrs. Dokas) both testified at the criminal trials but did not personally appear at the subsequent administrative hearing; instead, only their testimony at the first trial was produced in transcript form at the Civil Service Commission hearing. There was conflicting evidence at the latter hearing — including plaintiff’s flat denial of the charges — and the two bribe charges cannot be sustained without accepting the testimony of Mr. Ruff and Mrs. Dokas. But no' decider in the administrative proceedings had the benefit of observing Mr. Ruff and Mrs. Dokas (the crucial accusing witnesses) on the stand and, moreover, those administrative deciders had the benefit only of their testimony at one of the two criminal trials. The two juries which heard their testimony wore either unconvinced or, at best, harbored substantial doubt. On the bare *691 written record we now have before us the court is uncertain whether the administrative finders had adequate support for their determinations. That question depends on the credibility of the conflicting testimony which, in turn, could well be markedly influenced by demeanor and personal observation. Moreover, the sanction involved here is a heavy one— removal on a stigmatizing charge involving bribery, after about twenty-three years of IRS employment.
“In these circumstances we consider it necessary that the trier of fact in the removal proceeding observe, compare, and evaluate the testimony of Mr. Ruff, Mrs. Dokas and plaintiff. That was not and could not be done at the administrative hearing (since Mr. Ruff and Mrs. Dokas did not appear there) but it can appropriately be done in the trial division of this court which possesses the subpoena power over non-federal personnel lacking in the Civil Service Commission.
“Accordingly, without foreclosing the plaintiff or defendant from again raising any issues (aside from the sub-stantiality of the evidence in the present administrative record) which may survive a trial in this court,
“it is ordered that the cross-motions for summary judgment are both denied and the case is remanded to the Trial Division for further proceedings to ascertain the facts.”
On September SO, 1916 the court denied defendant’s suggestion for rehearing en banc (Judge Bennett would allow defendant’s suggestion), and also denied defendant’s motion for rehearing.